ASSOCIATES FINANCIAL SERVICES COMPANY OF KENTUCKY, INC., Plaintiff-Appellant and Cross-Appellee,

v.

Jerome A. (Jerry) KNAPP, Defendant-Appellee and Cross-Appellant,

Shirley Jean Cox, as Clerk of the Vanderburgh Circuit Court; Board of Commissioners of the County of Vanderburgh, Indiana; United States Internal Revenue District of Indiana; C. Curtis Young III and Peggy Lee Young; Steichen Vending Machines, Inc., Defendants-Appellees.

No. 1–880A293.

Court of Appeals of Indiana, First District.

July 7, 1981.

Ronald Warrum, Evansville, for plaintiff-appellant and cross-appellee.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for defendant-appellee and cross-appellant.

RATLIFF, Judge.

## STATEMENT OF CASE

Associates Financial Services Company of Kentucky, Inc. (Associates of Kentucky), plaintiffs below, appeal from an order reinstating the counterclaim of defendant below, Jerry Knapp. Knapp cross-appeals the trial court's favorable response to Associates of Kentucky's motion for summary judgment in the amount of $12,455.39 in an action upon foreclosure of a mortgage. We affirm.

## FACTS

On December 1, 1976, Associates of Kentucky brought an action to foreclose a mortgage upon Knapp's property in payment of a $14,760 promissory note assigned to Associates of Kentucky by Associates Financial Services Company of Indiana, Inc. (Associates of Indiana). Union Federal Savings and Loan Association of Evansville, the clerk of the Vanderburgh Circuit Court, Clifford Skomp, the United States Internal Revenue District of Indiana, and the Board of Commissioners of Vanderburgh County were joined as party defendants. On December 16, 1976, Knapp answered admitting the mortgage and note in favor of Associates of Indiana, but counterclaimed against Associates of Kentucky alleging negligence and fraud by Associates of Kentucky in discounting several student tuition contracts of a Kentucky corporation of which Knapp was the former president. Knapp claimed that because of Associates of Kentucky's fraud and negligence he suffered great financial loss and was required to enter into security agreements with them which agreements he alleged were void for lack of consideration. Knapp also stated that Associates of Indiana had conspired together with Associates of Kentucky to assign the note and mortgage with the intent to defraud him. In addition to his demands for $183,890 actual and $500,000 punitive damages, Knapp demanded trial by jury. Associates of Kentucky filed an answer in general denial and noticed Knapp for deposition in March of 1977 and twice between January and May 1979, but Knapp failed to appear. On May 10, 1979, the court granted Associates of Kentucky's Motion to Strike Knapp's Answer and Counterclaim and entered an order of dismissal with prejudice pursuant to Ind. Rules of Procedure, Trial Rule 37. Meanwhile parties were dismissed from and added to the original action, and a pretrial conference was set for November 16, 1979. On that date Knapp moved the court to reinstate his answer and counterclaim which motion the court took under advisement. The court then ordered Knapp to appear for a deposition on December 10, 1979. Knapp complied with the order of discovery, and the

court ordered reinstatement of Knapp's answer and counterclaim. The court severed trial of issues in the counterclaim from the issues in the original complaint, however, and entered partial judgment on January 21, 1980. Again a party defendant, Steichen Vending Machines, Inc., was added, and both Steichen and Associates of Kentucky moved for summary judgment. The court granted summary judgment in favor of Associates of Kentucky for the amount requested in its motion and supporting affidavits, $12,445.39, and in favor of Steichen for $8,753.77 to be satisfied out of the proceeds which had been paid into court by defendants and cross-claimants Youngs. Both Associates of Kentucky and Knapp appeal.

## ISSUES

I. Associates of Kentucky question whether the trial court erred in reinstating Knapp's counterclaim.

II. Knapp asks us to determine if the trial court erred in granting Associates of Kentucky's motion for summary judgment.

## DISCUSSION AND DECISION

*Issue One*

Associates of Kentucky contend that the trial court erred in granting Knapp's Ind. Rules of Procedure, Trial Rule 60 motion for relief from the dismissal with prejudice of his counterclaim in the absence of a showing of exceptional circumstances which would justify such extraordinary relief. They cite extensively, and almost exclusively, as authority supporting their position this court's opinion in *Snider v. Gaddis*, (1980) Ind.App., 413 N.E.2d 322, *trans. den.* The basis of their argument is that the trial court could have granted Knapp relief from dismissal with prejudice only pursuant to the provisions of Ind. Rules of Procedure, Trial Rule 60(B)(8), and then only upon the showing of extraordinary circumstances, none of which were alleged in his petition

for relief. Because no extraordinary circumstances were alleged, Associates of Kentucky reason that the trial judge here as in *Gaddis* abused his discretion by simply reconsidering, changing his mind, and correcting his judgment.

Indiana Rules of Procedure, Trial Rule 41(F) provides that "[a] dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." We agree with Associates of Kentucky that the court granted relief to Knapp pursuant to T.R. 60(B)(8): "On motion and upon such terms as are just the court may relieve a party . . . from an entry of . . . [a] final order . . . for . . . any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." Motions under T.R. 60(B) are addressed to the equitable discretion of the trial court, *First National Bank and Trust Company of Crawfordsville v. Coling*, (1981) Ind.App., 419 N.E.2d 1326, and the language of sub-section 8 of T.R. 60(B) is extremely broad. Our scope of review of the granting or denial of such motion, therefore, is limited to the question of whether the trial court's action in the matter constituted an abuse of discretion. *Id.* Abuse of such discretion will be found only where the court's action is clearly erroneous, *i. e.*, " 'against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.' " *Summerlot v. Summerlot*, (1980) Ind.App., 408 N.E.2d 820, 828.

■ We disagree with Associates of Kentucky that the trial judge here *necessarily* concluded that he had erroneously entered his order of dismissal. *See, e. g., Justak v. Bochnowski*, (1979) Ind.App., 391 N.E.2d 872, where this court held that it was not error for the court to dismiss a cause with prejudice when a party repeatedly failed to show up for her deposition. We echo the note of caution sounded by Judge Shields who recently wrote that, although it would

generally constitute an abuse of discretion for a court to apply the sanction of dismissal without first attempting a lesser sanction, there are rare circumstances in which the imposition of a lesser initial sanction would not be appropriate. *Breedlove v. Breedlove,* (1981) Ind.App., 421 N.E.2d 739. From the meager set of facts available in the record here it is impossible to state with certainty whether the trial judge reinstated Knapp's counterclaim because he determined that the sanction had been imposed erroneously or because he determined that removal of the sanction was appropriate when it had attained the desired result. Although the facts and case are distinguishable from those in the case at bar, in *J.Y. v. D.A.,* (1978) Ind.App., 381 N.E.2d 1270, 1271, Judge Lybrook wrote:

> "Apparently there are no Indiana cases dealing with the propriety of removing discovery sanctions once they are imposed. Our rules clearly provide that the imposition of sanctions is within the discretion of the trial court. T.R. 37(B). Thus, in the absence of a dispositive rule to the contrary, we believe that the removal of sanctions is also a matter within the trial court's discretion."

Because the action of the trial court must be affirmed if it is sustainable on any theory, *Indiana & Michigan Electric Co. v. Schnuck,* (1973) 260 Ind. 632, 298 N.E.2d 436, and because Associates of Kentucky have failed to convince us that the court abused its discretion in removing the sanction of dismissal once discovery had been complied with, we find no error in the trial court's reinstatement of Knapp's counterclaim.

*Issue Two*

Cross-appellant Knapp argues that it was error as a matter of law for the trial court to grant Associates of Kentucky's motion for summary judgment where his counterclaim for an amount in excess of Associates of Kentucky's claim was pending. As authority for his narrowly drawn point Knapp cites 49 C.J.S. *Judgments* § 220 (1947) at pp. 398–99: "it has been held improper to grant summary judgment where valid counterclaims are pleaded for sums exceeding the damages demanded by plaintiff." Neither Knapp nor Associates of Kentucky direct us to an Indiana case on point, and our research has revealed none. Associates of Kentucky point out, however, that Knapp merely rested on the allegations of his pleadings and neither by affidavit nor by any other means came forward with specific facts to show that there was a genuine issue for trial upon Associates of Kentucky's claim.[1] They point out also that Knapp at no time has challenged the court's severing of the counterclaim from the other issues in this cause for trial pursuant to Ind. Rules of Procedure, Trial Rule 42(B).

"The granting of a motion for summary judgment is appropriate only where there is no genuine issue of material fact presented by the case and where the moving party is entitled to judgment as a matter of law." *Kendrick Memorial Hospital, Inc. v. Totten,* (1980) Ind.App., 408 N.E.2d 130, 131. While a party against whom a motion for summary judgment is made need not put on his entire case, he may not rest on the mere allegations of his complaint and must diligently contest the motion, coming forth with enough facts to show that there is genuine issue for trial. *Moll v. South Central Solar Systems, Inc.,* (1981) Ind.App., 419 N.E.2d 154. A party also has the burden of asserting his affirmative defenses in a summary judgment proceedings. *Id.; Flynn v. Klineman,* (1980) Ind.App., 403 N.E.2d 1117. As we noted

---

1. We note that Knapp admitted that his valid mortgage to Associates of Indiana had been assigned to Associates of Kentucky, but contended that the assignment was made as part of a conspiracy between the two corporations to defraud him. Unfortunately, he failed to set out the facts and circumstances of such fraud with specificity as required by Ind. Rules of Procedure, Trial Rule 9 and the record reflects no affidavit or other evidence of facts to support the bald allegations of his pleading.

above in footnote 1, the record is devoid of evidence or facts to support Knapp's allegations of fraud. Likewise, he failed to present in the record any facts or evidence to contest the motion for summary judgment and appears to have rested solely upon the allegations of his counterclaim. Since Knapp does not argue that the court's granting of summary judgment was erroneous because there remain genuine issues of material fact, we do not explore this issue. Rather we turn our attention to his contention that such judgment was erroneous upon the issue that the court was precluded as a matter of law from granting summary judgment where the counterclaim exceeded the original claim.

While the general rule gleaned from older case law appears to be that a plaintiff's motion for summary judgment will be denied when there is a legally sufficient counterclaim for an amount in excess of the amount demanded in the complaint, 49 C.J.S. *Judgments* § 220 (1947); 73 Am. Jur.2d *Summary Judgment* § 31 (1974), more recent cases have held that a counterclaim in excess of the original claim is not an automatic bar to summary judgment. Annot., 8 A.L.R. 1361 § 7(c) (Supp.1980). For example, summary judgment in favor of a plaintiff may be appropriate where a defendant offers no real defense and relies solely upon a counterclaim, *Graham Associates, Inc. v. Fell*, (1963) D.C.App., 192 A.2d 129, or where a counterclaim, although somewhat related to plaintiff's claim, is really separate and distinct and involves alleged damages of a completely different character and which arise out of different circumstances than plaintiff's complaint. *Sunbeam Corp. v. Morris Distributing Co.*, (1976) 55 A.D.2d 722, 389 N.Y.S.2d 173. In *Graham* the court insisted that the court should defer entry until determination of the counterclaim; however, in *Sunbeam* the court held that where there was no indication that plaintiffs were financially unstable, stay of the judgment was not warranted. We note that Knapp does not raise any

issue with respect either to a stay of the judgment or to plaintiff's financial instability. Failure to raise these issues, therefore, results in their waiver. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). Likewise, we believe that Knapp waived his right to contest the separate and distinct nature of his counterclaim when he failed to challenge the court's severance of his counterclaim from the other issues involved and when he agreed to submit the cause to the court for trial without a jury. The court's entry for January 21, 1980, states, *inter alia*:

"*[B]y agreement of all the parties herein,* this cause is submitted to the Court for trial without the intervention of a jury, *solely with respect to the issues presented by plaintiff's Complaint* and the defendants' Young[s'] Answer and Supplemental Answer therein and the Crossclaim of defendants Young[s] . . . . (Emphasis added.)

Record at 146–47. Therefore, although Knapp's counterclaim sounding in tort for negligence and fraud may have been tangentially related to Associates of Kentucky's action on a debt, we find no error in the court's determination as a matter of law that the issues involved in the original action and counterclaim were severable and distinct, hence, that those in the original action could be subject to a motion for summary judgment. Further, in the absence of any evidence of the affirmative defense of fraud or of a showing by Knapp that there was a genuine issue of material fact to be resolved upon Associates of Kentucky's motion supported by affidavit, we again find no error as a matter of law in the court's granting such motion for summary judgment.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.