**David D. LEE and Nancy R. Lee,**
**Appellants–Plaintiffs**

v.

**Sheila PUGH and Realty Group—Sabbagh Pickens, LLC d/b/a Century 21 Realty Group—Sabbagh Pickens and Paul Diamanti, d/b/a Charter Financial Group, Appellees–Defendants.**

No. 28A04–0312–CV–649.

Court of Appeals of Indiana.

July 15, 2004.

Scott E. Racop, Racop Law Offices, P.C., Terre Haute, IN, Attorney for Appellants.

Michael L. Carmin, Andrews, Harrell, Mann, Carmin & Parker, P.C., Bloomington, IN, Attorney for Appellees.

## OPINION

MATHIAS, Judge.

David and Nancy Lee ("the Lees") filed a complaint against Shelia Pugh and Realty–Group–Sabbagh Pickens, LLC d/b/a Century 21 Realty Group–Sabbagh Pickens ("Century 21"), and Paul Diamanti d/b/a Charter Financial Group ("Diamanti") in Greene Circuit Court. The complaint was dismissed with prejudice pursuant to Indiana Trial Rule 41(E), and the trial court denied the Lees' motion to reinstate the complaint. The Lees appeal and argue that the trial court abused its discretion when it dismissed their complaint and denied their motion to reinstate.

We affirm.

### Facts and Procedural History

On February 21, 2002, the Lees filed a complaint against Century 21 and on March 18, 2002, the Lees amended their complaint to add a defendant, Diamanti. In the complaint the Lees alleged that Century 21 breached its duty of due care to the Lees during a real estate transaction involving the sale of a restaurant. Appellant's App. p. 5. Further, the Lees alleged that Diamanti breached his agreement to loan $590,000 to the purchasers, and as a result of that breach, the Lees, the sellers, suffered damages. Appellant's App. pp. 4–5.

On March 5, 2002, Century 21 served discovery requests on the Lees, including interrogatories and requests for production of documents. The Lees did not respond to those discovery requests. On April 22, 2002, the Lees served discovery requests on Century 21 and Diamanti. On July 10, 2002, the Lees filed a motion to compel defendant Diamanti to answer their interrogatories, which was granted.

On July 19, 2002, the Lees filed a motion for pretrial conference, and the trial court scheduled a telephonic pretrial conference for October 28, 2002. On October 1, 2002, the Lees filed a second motion to compel defendant Diamanti to answer interrogatories, and the order to compel was entered on October 3, 2002.

On October 28, 2002, the Lees failed to successfully initiate the telephonic pretrial conference as ordered by the trial court.[1]

---

1. At the hearing on the motion to dismiss, the Lees' counsel, Scott Racop, stated that an attorney, Jeffrey Kohr, who works part-time in Racop's office, attempted to initiate the conference call on October 28, 2002, but could not get defendant Diamanti on the telephone line. Kohr told Racop that he spoke with Century 21's attorney and the trial court. We note, as did the trial court, that Kohr was not an attorney of record for the Lees. Tr. pp. 7, 9–10.

The following entry was made on the chronological case summary:

> Plaintiff fails to initiate telephone conference call at 11:00 a.m. Pre-trial conference is vacated. The parties are requested to advise the Court of the estimated time needed for trial by Court.

Appellant's App. p. 39.

On December 30, 2002, Century 21 sent a letter to the Lees stating that Century 21 could not comply with the trial court's order to inform the court of the amount of time needed for trial because the Lees had not responded to Century 21's discovery requests. Appellant's App. p. 29. After it did not receive a response to that letter, on January 30, 2003, Century 21 filed a motion to dismiss the Lees' complaint pursuant to Trial Rule 41(E). In the motion, Century 21 argued that the complaint should be dismissed due to the Lees' failure to respond to discovery requests and their failure to request a second pretrial conference and/or advise the trial court of the time estimated for trial as ordered. Appellant's App. p. 31. A hearing on the motion was scheduled for April 14, 2003.

On January 31, 2003, the Lees filed a motion for trial setting, and Century 21 filed its objection to that motion shortly thereafter. On April 9, 2003, the Lees filed a motion to vacate the Trial Rule 41(E) hearing to which Century 21 also objected. The trial court denied the Lees' motion to vacate and the hearing on the motion to dismiss was held on April 14, 2003. On August 29, 2003, the trial court entered an order dismissing the Lees' complaint.

On September 26, 2003, the Lees filed a motion to reinstate their complaint pursuant to Trial Rule 41(F) and 60(B) and motion to correct error. That motion was denied on October 31, 2003. The Lees now appeal. Additional facts will be provided as necessary.

## I. Trial Rule 41(E) Dismissal

The Lees' complaint was dismissed with prejudice [2] pursuant to Indiana Trial Rule 41(E), which provides:

> Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

Ind. Trial Rule 41(E) (2004).

The Lees argue that the trial court abused its discretion when it dismissed their complaint because the complaint had been pending for less than one year and a satisfactory explanation for the three-month period of inactivity exists.[3] A dismissal pursuant to Rule 41(E) for failure to prosecute will be reversed on appeal

---

**2.** A dismissal for failure to prosecute pursuant to Indiana Trial Rule 41(E) is a dismissal with prejudice unless the trial court provides otherwise. *Ind. Ins. Co. v. Ins. Co. No. Am.,* 734 N.E.2d 276, 278 (Ind.Ct.App.2000), *trans. denied.*

**3.** Century 21 argues that the Lees' appeal of the Trial Rule 41(E) dismissal is untimely because they did not file their notice of appeal within thirty days of the trial court's ruling on that motion and a motion made to reinstate their complaint pursuant to Trial Rule 60(B) does not extend the time to initiate an appeal. *See* Br. of Appellee at 11 n. 1. We agree with

only in the event of an abuse of discretion, which occurs only where the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind.Ct.App.2003), *trans. denied.*

■■ The purpose of Rule 41(E) is " 'to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution.' " *Id.* (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind.Ct.App.1993)). The plaintiff bears the burden of moving the litigation and the trial court has no duty to urge or require counsel to go to trial, even where it would be within the court's power to do so. *Id.* " 'Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely.' " *Id.* (quoting *Hill v. Duckworth*, 679 N.E.2d 938, 939–40 (Ind.Ct.App.1997)).

■■ Our court generally balances several factors to determine whether a trial court abused its discretion in dismissing a case for failure to prosecute. *Id.*

> These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.

*Id.* (citing *Lee v. Friedman*, 637 N.E.2d 1318, 1320 (Ind.Ct.App.1994)). " 'The weight each factor has in a particular case appears to depend upon the facts of that case.' However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." *Id.* (quoting *Friedman*, 637 N.E.2d at 1320).

Several of those factors support the trial court's dismissal of the Lees' complaint, including the length of the delay, the reason for the delay, and the extent to which the Lees were stirred to action by the threat of dismissal. The trial court scheduled a pretrial conference for October 28, 2002. Prior to that date, the last action the Lees took in the case was a motion to compel filed on October 1, 2002, which the trial court granted. On October 28, 2002, the Lees failed to successfully initiate the pre-trial conference. On that same day, the parties were requested to advise the trial court of the estimated time needed for trial, which the Lees failed to do. The Lees also failed to respond to Century 21's discovery requests, which were served on March 5, 2002. On December 30, 2002, Century 21 sent a letter to the Lees informing them of Century 21's inability to

---

Century 21 that a dismissal pursuant to Rule 41(E) is a final appealable order. *See Houston v. Wireman*, 439 N.E.2d 732, 733 (Ind.Ct.App.1982). However, we note that the Lees filed a motion to reinstate "or alternatively to correct error pursuant to Ind. T.R. 59" less than thirty days after the dismissal of their complaint. In the motion, the Lees argued that the trial court erred in granting the Trial Rule 41(E) motion and that the complaint should be reinstated pursuant to Trial Rules 41(F) and 60(B)(8). Therefore, we will treat the motion as both one to correct error and as a Trial Rule 41(F) motion to reinstate.

comply with the trial court's order and requesting a response to its discovery requests. The Lees did not respond to that letter, and on January 30, 2003, Century 21 moved to dismiss the Lees' complaint pursuant to Trial Rule 41(E). The next day, the Lees filed a motion requesting a trial date.

Although the delay caused by the Lees' failure to prosecute is not as substantial as the delay found in cases such as *Belcaster* and *Friedman*, we observe that dismissal under Rule 41(E) requires only a sixty-day period of inaction. The Lees failed to take any action in this case for over ninety days. Also, at the hearing held on the motion to dismiss, the Lees offered no reason for the delay other than their statement that discovery for complex litigation takes a significant amount of time to complete.[4] The Lees also offered no justification for their failure to advise the court of the time needed for trial. Moreover, we note that Rule 41(E) also allows dismissal of a complaint where a party does not comply with the Trial Rules. By failing to respond to Century 21's discovery requests, including interrogatories and requests for production of documents, the Lees violated Trial Rules 33(C) and 34(B).[5] The Lees' failure to comply with those discovery requests also hindered Century 21's ability to inform the court of the time needed for trial. Further, the Lees' failure to respond to Century 21's discovery requests is indicative of their failure to prosecute this case in a timely manner. Finally, we observe that the Lees resumed prosecution of the case only after Century 21 filed its Rule 41(E) motion to dismiss.

On the other hand, we prefer to decide cases on their merits. Further, other factors weigh in favor of the Lees including that the Lees' counsel admits that they were not personally responsible for the delay. Also, less drastic sanctions were available to the trial court.[6] Although those factors weigh in favor of the Lees, the trial court's decision to dismiss their complaint is supported by the delay caused by the Lees, their violation of the trial rules, and their failure to advise the trial court of the time needed for trial; there-

---

4. The Lees' counsel also stated that ongoing settlement negotiations with defendant Diamanti had caused the Lees to delay prosecuting the case. However, counsel offered no evidence of those settlement negotiations. Either before or during the hearing, the burden was on the Lees to prove that there was sufficient cause or excuse for the delay. *See Metcalf v. Estate of Hastings*, 726 N.E.2d 372, 374 (Ind.Ct.App.2000), *trans. denied.* We also observe that the Lees attached a letter discussing settlement negotiations as an exhibit to their motion to reinstate, but the letter is dated February 5, 2003, six days after Century 21 filed their motion to dismiss. Moreover, we agree with Century 21's statement that "[a]llegations that settlement discussions were occurring with another defendant ... do not, in any event, relieve the Lees of their obligation to follow trial rules and court orders, or to communicate with Century 21 in response to its inquiries." *See* Br. of Appellee at 9.

5. The Lees argue that it was improper to dismiss their complaint for the reason that they failed to comply with Century 21's discovery requests because Trial Rule 37 provides for procedures to compel discovery requests and sanctions for failing to comply with a court's discovery order. However, the trial court did not dismiss the Lees' complaint solely for the reason that they violated the trial rules when they failed to respond to Century 21's discovery requests. In its order of dismissal, the trial court stated, "[t]his case is dismissed pursuant to Trial Rule 41(E) because of [the Lees'] failure to comply with the Trial Rules and to prosecute the case in a timely fashion." Appellant's App. p. 37.

6. However, our court has held that "'the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear.'" *See Belcaster*, 785 N.E.2d at 1168 (quoting *Friedman*, 637 N.E.2d at 1321).

fore, we cannot conclude that the trial court abused its discretion when it dismissed the Lees' complaint.

## II. Trial Rule 41(F) Motion to Reinstate

■■■ The Lees also argue that the trial court abused its discretion when it denied their motion to reinstate their complaint. We review a trial court's denial of a motion to reinstate for an abuse of discretion. *Cloyd v. Pasternak*, 791 N.E.2d 757, 758 (Ind.Ct.App.2003). Trial Rule 41(F) provides in relevant part: "A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." Ind. Trial Rule 41(F) (2004).

■■■ A motion made under Trial Rule 60(B) is addressed to the equitable discretion of the trial court, circumscribed by the eight categories listed in Rule 60(B). *Hoosier Health Sys., Inc. v. St. Francis Hosp. & Health Ctrs.*, 796 N.E.2d 383, 386 (Ind. Ct.App.2003). In their motion to reinstate, the Lees argue that they are entitled to relief from judgment under Rule 60(B)(8), which provides: "On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default for the following reasons: (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." [7]

The Lees argue that the circumstances in this case are analogous to those in *Asso-ciates Financial Services Company of Kentucky, Inc. v. Knapp*, 422 N.E.2d 1261 (Ind.Ct.App.1981). In *Knapp*, the trial court dismissed Knapp's counterclaim with prejudice pursuant to Trial Rule 37 after Knapp failed to appear for two depositions. *Id.* at 1262. Knapp later moved to reinstate his counterclaim, and the court granted that motion after Knapp complied with its order to appear for a deposition. *Id.* at 1262–63. On appeal, Associates of Kentucky argued that the trial court abused its discretion when it reinstated the counterclaim pursuant to Trial Rule 60(B)(8) because Knapp failed to allege extraordinary circumstances that would justify relief from judgment. *Id.* Noting that the removal of discovery sanctions is a matter within the trial court's discretion, our court affirmed the reinstatement of Knapp's counterclaim and stated:

> Because the action of the trial court must be affirmed if it is sustainable on any theory, and because Associates of Kentucky have failed to convince us that the court abused its discretion in removing the sanction of dismissal once discovery had been complied with, we find no error in the trial court's reinstatement of Knapp's counterclaim.

*Id.* at 1264.

In their brief, the Lees argue, "[t]he instant case is analogous to *Knapp*, in that a pretrial matter, was at issue and was the subject of the dismissal. Once there was compliance, and the issue has been resolved, it would follow that the cause

---

7. Trial Rule 60(B)(1), (2), (3), and (4), provides that a party may be relieved from judgment for the following reasons:

(1) mistake, surprise, or excusable neglect;
(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; [and]
(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings[.]

Ind. Trial Rule 60(B) (2004).

should not have been dismissed." Br. of Appellant at 14. We can only assume the Lees are referring to their motion for trial setting filed after the motion to dismiss and their eventual compliance with Century 21's discovery requests on April 7, 2003 (one week before the April 14 hearing on the motion to dismiss and over one year after the requests were served on the Lees).

Contrary to the Lees' argument, *Knapp* does not stand for the proposition that the trial court must grant a motion to reinstate if the party complies with discovery and pretrial orders. Just as the trial court acted within its discretion in *Knapp* when it reinstated the counterclaim, in this case, it was within the trial court's discretion to deny the Lees' motion to reinstate. In their motion, the Lees simply reiterated their arguments made to the trial court at the hearing on the motion to dismiss. Moreover, they failed to allege any reason justifying relief from judgment beyond their eventual, yet tardy, compliance with discovery and the trial court's request for notification of the time needed for trial. Accordingly, although we may have come to a different conclusion under similar circumstances, we conclude that the trial court did not abuse its discretion when it denied the Lees' motion to reinstate their complaint.

## Conclusion

The trial court did not abuse its discretion when it granted Century 21's Trial Rule 41(E) motion to dismiss. The trial court also acted within its discretion when it denied the Lees' motion to reinstate their complaint.

Affirmed.

BARNES, J., and CRONE, J., concur.