**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 29 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JEAN D. SCHOKNECHT**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVID M. SEITER**
Garrison Law Firm, LLC
Indianapolis, Indian a

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEAN D. SCHOKNECHT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1201-CP-37 |
| | ) | |
| SUSAN E. DUNLAP f/k/a HASEMEIER and | ) | |
| f/k/a SCRIBNER, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J.Carroll, Judge
Cause No.  49D06-9812-CP-4072

**August 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

STATEMENT OF THE CASE

Jean D. Schoknecht ("Landlord"), pro se, appeals the dismissal of her complaint against Susan E. Dunlap ("Tenant") pursuant to Indiana Trial Rule 41(E).

We affirm.

ISSUES

1.    Whether the trial court judge erred by failing to recuse himself.

2.    Whether the trial court abused its discretion in dismissing Landlord's complaint.

FACTS

We adopt the statement of facts set forth in this court's decision in *Schoknecht v. Dunlap*, No. 49A04–0912–CV–745, slip op. at 1-2 (Ind. Ct. App. Nov. 10, 2010), which reads, in pertinent part, as follows:

This case arises from a residential lease which was entered into over fifteen years ago.  In August 1995, Landlord entered into a lease agreement with Tenant for residential property located in Indianapolis for a lease term of one year, and Tenant paid Landlord a security deposit in the amount of $750.  Following the expiration of the initial one-year lease term, Tenant continued to lease the property from Landlord on a month-to-month basis.

In April 1997, Landlord filed suit against Tenant in the Marion County Small Claims Court alleging waste and failing to make lease payments when due, and Landlord obtained a judgment against Tenant which entitled Landlord to possession of the property.  The court set the matter for hearing on damages.  After Tenant requested the return of her security deposit and Landlord sent a letter to Tenant itemizing damages and an estimated cost of repair, Landlord dismissed her claim against Tenant without prejudice in November 1997.

2

On May 8, 1998, Tenant filed suit against Landlord for her security deposit in the Wayne Township Division of the Marion County Small Claims Court. On July 27, 1998, Landlord filed a counterclaim. On August 4, 1998, on the date the small claims court had set the matter for hearing, Landlord instituted a separate action against Tenant by filing a Complaint for Damages and Demand for Jury Trial in the Marion County Superior Court alleging breach of the lease agreement and damages to the property. The proceedings in the Wayne Township Division were transferred to the Marion Superior Court No. 10 and the two actions were consolidated. On October 13, 1998, Tenant filed an Answer and Counterclaim in the Superior Court. In February 2000, the court granted summary judgment in favor of Tenant and against Landlord on the grounds that Landlord failed to comply with notice requirements related to security deposits as set forth by Indiana statutes. Landlord appealed, and on September 20, 2000, a panel of this court held that Landlord had complied with the statutory notice requirement and reversed and "remand[ed] to the trial court to determine the amount of damages Landlord is entitled to, if any, and whether Tenant is entitled to reimbursement of any portion of her security deposit."

On remand, the parties continued to litigate the case for almost nine years, which included numerous continuance motions, at least two motions to dismiss under Trial Rule 41(E), unsuccessful mediation, numerous pre-trial conferences, change of counsel several times by both parties, a motion for order to appear filed by Tenant, a motion to remove Tenant's counsel filed by Landlord, a court order for Landlord to personally appear for her deposition, several motions for change of judge by Landlord, and various other filings with Marion Superior Court No. 10.

On June 19, 2009, Tenant filed a Jury Waiver with the court in which Tenant waived trial by jury and requested the court to set the matter for a bench trial. An entry in the CCS dated June 26, 2009, states: "[Tenant's] motion to waive jury trial is set for hearing on July 21, 2009." Landlord filed a response to Tenant's jury waiver, which was file-stamped on July 5, 2009, and alleged in part: "[Tenant's] waiver of jury trial . . . is meaningless as I do not waive my right to the jury trial that I have demanded and to which I have an absolute constitutional right." Landlord's response also objected to a hearing on waiver "as being a complete waste of time as [Landlord has] not and will not ever waive [her] right to have a jury decide this case." An entry in the CCS dated July 14, 2009, indicates that the court denied Landlord's request to vacate the hearing set on jury waiver.

The court held a hearing on July 21, 2009, at which the court stated that "once you try something in small claims court, my position is that's it you've waived your right to trial by jury," and gave the parties additional time to submit additional arguments prior to a ruling.

On August 10, 2009, Tenant filed a Brief in which she argued that Landlord waived her right to a jury trial and that Landlord's complaint should be dismissed with prejudice. On August 24, 2009, Landlord filed a Plaintiff's Brief in Support of Her Objection To Defendant's Motion For Bench Trial and Response To Defendant's Undenominated and Untimely Motion to Dismiss Under Trial Rule 12(B)(6). On September 28, 2009, Landlord filed a notice to the Clerk that Judge Caroll [sic] has failed to either rule on a motion, set it for hearing, or obtain an extension to rule; or has delayed in ruling on a motion; and request that this case be transferred to the Supreme Court. On October 30, 2009, the court issued a written order in which it dismissed this case in its entirety, including the complaint and counterclaim, with prejudice and determined that Landlord was not entitled to a jury trial.

(Internal citations, citations to the record and footnote omitted).

Landlord appealed, asserting that the trial court abused its discretion in dismissing her claim and also improperly denied her request for a jury trial. Finding that the record did not show that the requirements for dismissal pursuant to Trial Rule 41(E) had been met, this court held that the trial court abused its discretion in dismissing Landlord's claim. *Id*. at 3. This court also found that the trial court had improperly denied Landlord's request for a jury trial. *Id*. at 6. Accordingly, this court reversed and remanded for further proceedings. The clerk of this court certified the opinion on December 22, 2010.

On August 24, 2011, Tenant again filed a motion to dismiss pursuant to Trial Rule 41(E). The trial court set the matter for a hearing on October 11, 2011. Subsequently, on

4

September 6, 2011, Landlord filed a praecipe for jury trial. On October 11, 2011, Landlord filed a motion to withdraw the cause from the trial judge pursuant to Trial Rule 53.1 and a motion for recusal of the trial judge.

The trial court rescheduled the hearing on Tenant's motion to dismiss, and on November 16, 2011, the court clerk denied Landlord's motion to withdraw the cause from the trial judge pursuant to Trial Rule 53.1.

The trial court held a hearing on Tenant's motion to dismiss on December 16, 2011, and took the matter under advisement. On December 20, 2011, the trial court granted Tenant's motion to dismiss.

### DECISION

1. Recusal

Landlord asserts the trial court abused his discretion in denying her motion to recuse after this court handed down its opinion in *Schoknecht v. Dunlap*. Landlord argues that the trial judge cannot be impartial given the two prior appellate court decisions in this matter.

First, we note that, pursuant to Indiana Trial Rule 76(C)(3), where a court on appeal remands a case, the parties "shall have ten [10] days from . . . the order of the court on appeal is certified" to seek an automatic change of judge. Here, the clerk of this court certified the *Schoknecht v. Dunlap* opinion on December 22, 2010. Thus, Landlord did not meet the criteria set forth for an automatic change of judge. We therefore look to

5

whether the trial court abused its discretion in failing to recuse himself pursuant to Trial Rule 79.

Indiana Trial Rule 79(C)(4) provides that a "judge shall disqualify and recuse whenever the judge . . . is associated with the pending litigation in such fashion as to require disqualification under the *Code of Judicial Conduct* or otherwise." Essentially, Landlord contends that the trial judge violated Rules 1.2, 2.2, 2.5, and 2.11[1] of the Code of Judicial Conduct by not recusing himself after this court's decision in *Schoknecht v. Dunlap*.

> A ruling upon a motion to recuse rests within the sound discretion of the trial judge and will be reversed only upon a showing of abuse of that discretion. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. When reviewing a trial judge's decision not to disqualify h[im]self, we presume that the trial judge is unbiased. "In order to overcome that presumption, the appellant must demonstrate actual personal bias." In addition, the mere appearance of bias and partiality may require recusal if an objective person, knowledgeable of all the circumstances, would have a rational basis for doubting the judge's impartiality. Upon review of a judge's failure to recuse, we will assume that a judge would have complied with the obligation to recuse had there been any reasonable question concerning impartiality, unless we discern circumstances which support a contrary conclusion.

---

[1] Rule 1.2 provides, in relevant part, that a "judge shall act at all times in a manner that promotes public confidence in the . . . impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Rule 2.2 provides that a "judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." Rule 2.5(A) provides that a "judge shall perform judicial and administrative duties competently, diligently, and promptly." Finally, Rule 2.11 provides that a "judge shall disqualify himself . . . in any proceeding in which the judge's impartiality might reasonably be questioned, including" where "[t]he judge has a personal bias or prejudice concerning a party . . . ."

6

*Bloomington Magazine, Inc. v. Kiang*, 961 N.E.2d 61, 63-64 (Ind. Ct. App. 2012) (internal citations omitted). Adverse rulings are insufficient to show prejudice or bias. *Dan Cristiani Excavating Co., Inc. v. Money*, 941 N.E.2d 1072, 1082 (Ind. Ct. App. 2011); *see also Everling v. State*, 929 N.E.2d 1281, 1288 (Ind. 2010) ("Adverse rulings and findings by a trial judge from past proceedings with respect to a particular party are generally not sufficient reasons to believe the judge has a personal bias or prejudice.").

Although Landlord cites to a history of adverse rulings, including rulings reversed by this court, she fails to demonstrate any actual personal bias or prejudice of the trial judge. Given the history of this case, Landlord argues that "a hypothetical reasonable person would have created a question in his or her mind whether Judge Carroll had kept or could keep an open mind, or whether Judge Carroll's impartiality . . . might reasonably be questioned." Landlord's Br. at 6. The issue, however, is not whether a reasonable person creates a question of impartiality in his or her mind; rather, the issue is whether the trial judge's "conduct would create in reasonable minds a perception" of bias or impartiality. Ind. Judicial Conduct Rule 1.2 cmt. Given that Landlord has failed to show anything but good-faith errors, we cannot say that the trial judge's conduct has created a perception of bias, impartiality or unfairness. *See* Jud.Cond. R. 2.2 cmt. (stating that good-faith errors of fact or law when applying and interpreting the law do not violate the Code of Judicial Conduct).

7

2. Dismissal

Landlord asserts that the trial court improperly dismissed her action for failure to

prosecute pursuant to Trial Rule 41(E), where "all that was left for [Landlord] to do on

her Complaint, and [Tenant] to do on her Counterclaim, was get the matter tried."

Landlord's Br. at 12.

> We review dismissal of a cause of action under T.R. 41(E) for an abuse of discretion. In so doing, we consider whether the trial court's decision was against the logic and effect of the facts and circumstances; "'we will affirm the trial court if any evidence supports the trial court's decision.'"

*Baker Machinery, Inc. v. Superior Canopy Corp.*, 883 N.E.2d 818, 821 (Ind. Ct. App.

2008) (internal citations omitted), *trans. denied*.

Trial Rule 41(E) provides, in relevant part, that "when no action has been taken in

a civil case for a period of sixty [60] days, the court . . . on its own motion shall order a

hearing for the purpose of dismissing such case." Furthermore, "[t]he court shall enter an

order of dismissal . . . if the plaintiff shall not show sufficient cause at or before such

hearing."

In determining whether a trial court abused its discretion in dismissing an action

for failure to prosecute, we consider several factors.

> These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules

8

and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. The weight any particular factor has in a particular case depends on the facts of that case.

*Olson v. Alick's Drugs, Inc.*, 863 N.E.2d 314, 319-20 (Ind. Ct. App. 2007), *trans. denied*.

"'[A] lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay.'" *Baker*, 883 N.E.2d at 823 (quoting *Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004)).

A trial court's authority to dismiss a case pursuant to Trial Rule 41(E) "stems not only from considerations of fairness for defendants, but is also rooted in the administrative discretion necessary for a trial court to effectively conduct its business." *Baker*, 883 N.E.2d at 823. "The plaintiff bears the burden of moving the litigation and the trial court has no duty to urge or require counsel to go to trial, even where it would be within the court's power to do so." *Lee*, 811 N.E.2d at 885. In order to avoid dismissal under Trial Rule 41(E), "'a plaintiff must resume prosecution <u>before</u> the filing of the T.R. 41(E) motion.'" *Belcaster v. Miller*, 785 N.E.2d 1164, 1168 (Ind. Ct. App. 2003) (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1005 (Ind. Ct. App. 1993)), *trans. denied*.

In this case, the Clerk of this Court certified the second appeal in this matter on December 22, 2010. No action took place for the next eight months. On August 24, 2011, Tenant filed her motion to dismiss pursuant to Trial Rule 41(E). Subsequently, on September 6, 2011, Landlord filed her motion to set trial. Thus, Tenant filed her motion

9

to dismiss after more than sixty days of inactivity and before Landlord resumed prosecution of the matter, thereby satisfying the procedural requirements under Trial Rule 41(E). Nonetheless, we still must look to additional factors in determining whether the trial court abused its discretion in granting Tenant's motion to dismiss.

As the length of delay, eight months certainly is not an especially egregious amount of time. This court, however, has upheld dismissals for shorter delays. *See Lee*, 811 N.E.2d at 886 (finding no abuse of discretion in dismissing a complaint after a three-month delay in prosecution). Furthermore, a review of the chronological case summary reveals that Landlord has delayed much of this action and has only been "stirred into action" by the threat of dismissal.[2] *Olson*, 863 N.E.2d at 320. Accordingly, we cannot say that the trial court abused its discretion in dismissing Landlord's complaint.

Affirmed.

ROBB, C. J. and BAILEY, J., concur.

---

[2] For example, on December 11, 2000, the clerk of this court certified the first appellate opinion handed down in this matter. There, this court reversed and remanded for further proceedings. No action, however, took place until April 17, 2003, when the trial court set the matter for "call of the docket" on April 25, 2003, and sent notice thereof to the parties. (App. 7). Following the call of the docket, the trial court sua sponte dismissed the matter on April 30, 2003, spurring Landlord to file a motion to set aside the dismissal, reinstate the case, and set the matter for trial.