**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 28 2014, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**SARAH GRAZIANO**
**ASHLEY LINDENMIER**
Hensley Legal Group PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**W. CHRISTIAN MEYER**
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROGER LONG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1312-CC-503 |
| | ) | |
| ADVANCED PAIN MANAGEMENT, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-0811-CC-1025

**August 28, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Roger Long (Long), appeals the trial court's denial of his motion to dismiss pursuant to Indiana Trial Rule 41(E) against Appellee-Plaintiff, Advance Pain Management (APM).

We reverse and remand with instructions.

ISSUE

Long raises one issue on appeal, which we restate as follows: Whether the trial court erred by denying Long's motion to dismiss.[1]

FACTS AND PROCEDURAL HISTORY

In December 2005, Long was injured in an automobile accident. As a result, Long retained attorney Sarah Graziano of Hensley Legal Group, PC (attorney Graziano) to represent him in his personal injury suit against the negligent driver. On December 14, 2007, attorney Graziano filed a personal injury lawsuit captioned as "*Roger Long v. Killion and Auto Owners Insurance Company,* 79D01-0712-CT-0712" (personal injury suit). (Appellant's App. p. 16).[2]

Between May 2007 and February 2008, Long received medical treatment from APM, as a result of the injuries he sustained from the automobile accident. At the end of his treatment, Long incurred medical bills in the amount of $ 14,513.00. However, Long failed to pay APM the outstanding medical bills. Accordingly, APM filed a Complaint

---

[1] Long raises a second issue where he states that this court should reverse the trial court's Order granting APM's motion for leave to amend and supplement its complaint. However, the record reveals that on September 12, 2013, the trial court granted Long's motion to strike APM's amended complaint. Therefore, we will not address this argument.

[2] On June 3, 2009, Long's personal injury suit was settled for $42,568.85.

against Long on January 5, 2009, to collect the debt owed. On January 27, 2009, attorney Graziano entered her appearance to represent Long in the suit against APM. Following the initiation of this bill collection suit, attorneys from both sides negotiated the signing of a lien agreement, where Long would pledge to satisfy the outstanding medical bills out of the settlement of his personal injury suit. However, the process fell through in the summer of 2009 and the lien was never executed.

According to the entries in the Chronological Case Summary (CCS) in the bill collection lawsuit, no activity was seen until March 2010. In March 2010, APM filed a non-party request against Hensley Legal Group seeking production of certain documents. Since the extent of the documents being sought in the non-party request was objectionable, Hensley Legal Group filed a motion to quash the production of the documents requested. Subsequently, both parties filed supplemental responses. The motion stalled in June 2010, and it is indeterminable from the record whether this motion was granted or denied.

From June 2010, the bill collection lawsuit remained dormant, however, on May 6, 2011, APM resumed prosecution of its case by filing a motion for joinder of parties asking the trial court to issue an order joining attorney Graziano and the Hensley Legal Group as parties to the suit. On June 7, 2011, Long filed a motion opposing joinder of the parties and a motion to dismiss pursuant to T.R. 41(E) citing that APM had failed to prosecute its matter for more than a year. On August 12, 2011, the trial court issued an order denying both motions.

Following the denial of his T.R. 41(E) motion to dismiss, Long filed an Answer to APM's Complaint on August 22, 2012. According to the entry in the CCS, no activity was

3

seen for the following seven months. Consequently, on March 8, 2012, Long filed a second T.R. 41(E) motion to dismiss. On March 15, 2012, APM responded to Long's motion to dismiss. Thereafter, on April 2, 2012, APM spun into action and filed a motion for leave to amend and supplement its complaint. On August 22, 2012, the trial court heard Long's motion to dismiss, and APM's motion for leave to amend and supplement its complaint, and it took the matter under advisement. On June 28, 2013, the trial court entered an Order denying Long's motion to dismiss pursuant to T.R. 41(E); however, it granted APM's motion for leave to amend and supplement its complaint. As a result, Long filed a petition for interlocutory appeal with stay of proceedings to appeal the denial of his motion to dismiss pursuant to T.R. 41(E). In addition, Long also filed a motion to strike APM's amended complaint. On September 12, 2013, the trial court granted Long's interlocutory appeal and struck APM's amended complaint. On December 6, 2013, we accepted jurisdiction.

Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Long argues that the trial court erred in denying his second motion to dismiss pursuant to T.R. 41(E).

T.R. 41(E) provides in pertinent part:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules

4

and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

The purpose of this rule is to ensure that plaintiffs will diligently pursue their claims and to provide an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution. *Olson v. Alick's Drugs, Inc.*, 863 N.E.2d 314, 319 (Ind. Ct. App. 2007), *trans. denied*. The burden of moving the litigation is upon the plaintiff, not the court. *Id.* "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The adverse party] should not be left with a lawsuit hanging over his head indefinitely." *Hill v. Duckworth*, 679 N.E.2d 938, 939-40 (Ind. Ct. App. 1997).

As a preliminary matter, we note that the record is thin; however, the CCS, and the parties' briefs shed some light on the timeline of events. On reading T.R. 41(E), we note that APM had the burden of prosecuting this case. The instant case has been pending in the trial court's docket since 2009. Following the initiation of the bill collection lawsuit on January 5, 2009, movement was very minimal that year since both parties were pursuing a negotiated settlement. According to Long's attorney, the negotiations "fell through in the summer of 2009." (Transcript p. 7). In 2010, according to the CCS entries, slight activity was seen between February and June. During that time, APM sought discovery of non-party documents from the Hensley Legal Group. However, the record does not reveal how this matter was disposed. No further activity was seen in the case until May 16, 2011 when APM resumed prosecution of its case by filing a motion for joinder of parties. At that point, Long filed his first T.R. 41(E) motion to dismiss. On August 12, 2011, the trial

5

court denied both motions. From August 12, 2011, there was about seven months of inactivity in the bill collection lawsuit. The dormancy led to the filing of Long's second T.R. 41(E) motion to dismiss on March 8, 2012. Consequently, on April 2, 2012, APM was jolted into action and it filed a motion for leave to amend and supplement its complaint.

This court has held that "[t]he burden is clearly on the defendant to timely file a motion to dismiss pursuant to T.R. 41(E). That is to say, the defendant must file his motion after the sixty-day period has expired and before the plaintiff resumes prosecution." *Benton v. Moore*, 622 N.E.2d 1002, 1005 (Ind. Ct. App. 1996) *reh'g denied*. As such, the issue left for this court is to determine whether this time requirement was met in the instant case.

Turning to Long's second T.R. 41(E) motion to dismiss, we conclude that it was timely filed. When Long filed his second motion to dismiss on March 8, 2012, the case had been dormant since August 12, 2011. Based on Long's second motion to dismiss, APM spun into action and filed its motion for leave to amend and supplement its complaint. APM credits the filing of that motion as resuming prosecution. APM also argues that "not all the delays" should be attributed to it since it was Long who requested for "five continuances" during the course of proceedings, thus causing the delays. (Appellee's Br. p. 6). We disagree. First, we note that the five continuances that APM directs us to are related to the first T.R. 41(E) motion to dismiss which is not open for our review. Secondly, as noted in the foregoing, the burden of moving the litigation is upon the plaintiff and not the defendant. *See* T.R. 41(E). Therefore, we decline to attribute any delays to Long.

6

Although the seven-month delay in the second T.R. 41(E) motion to dismiss is not the most egregious period of inactivity that this court has seen, we have upheld dismissals under shorter delays. *See Lee v. Pugh*, 811 N.E.2d 881, 886 (Ind. Ct. App. 2004) (where this court affirmed a T.R. 41(E) dismissal following a three-month period of delay). Additionally, we observe that under the rule, only a delay of sixty days is required. *See* T.R. 41(E); *Lee*, 811 N.E.2d at 886. Here, as previously mentioned, APM took no action for approximately seven months, and only took steps to prosecute its case after Long had filed his motion to dismiss. Moreover, at the hearing for Long's T.R. 41(E) motion, APM did not show cause for failing to prosecute its case during those seven months.

In conclusion, APM has offered no reason for its failure to diligently prosecute its case. For almost seven months APM did nothing to move its case along, and the responsibility for that inactivity must be borne entirely by APM. It appears that APM was prompted to act again only because of the threat of dismissal of its lawsuit. *See Belcaster v. Miller*, 785 N.E.2d 1164, 1168 (Ind. Ct. App. 2003). After the trial court dismissed Long's first motion to dismiss in 2011, APM let his matter sit idle for seven months. Furthermore, APM was only stirred into action after Long had filed his second motion to dismiss. Moreover, we are mindful that the motion before us is already Long's second motion to dismiss. In this regard, we conclude that the trial court erred when it denied Long's motion to dismiss.

## CONCLUSION

Thus, finding no basis on which to affirm the trial court's decision, we conclude that the trial court erred in denying Long's motion. Therefore, we reverse and remand this case for further proceedings.

Reversed and remanded.

ROBB, J. concurs

BRADFORD, J. dissents with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROGER LONG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1312-CC-503 |
| | ) | |
| ADVANCED PAIN MANAGEMENT, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**BRADFORD, Judge, dissenting.**

I respectfully dissent. Given our preference to decide cases on the merits, the discretion afforded to a trial court in managing its docket, and the fact that I believe that the trial court was in the best position to gauge whether Long's request for dismissal of the underlying action pursuant to Indiana Trial Rule 41(E) should have been granted, I would affirm the judgment of the trial court.