# MEMORANDUM DECISION

Pursuant to Indiana Tax Court Rule 17, this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 29 2016, 1:41 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

PETITIONER APPEARING PRO SE:
**SBP PETROLEUM, INC.**
Brownsburg, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
INDIANA ATTORNEY GENERAL
**EVAN W. BARTEL**
**KYLE C. FLETCHER**
**ANDREW T. GREIN**
**GRAHAM T. YOUNGS**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| SBP PETROLEUM, INC. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1409-TA-00057 |
| | ) | |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER ON RESPONDENT'S MOTION TO DISMISS OR COMPEL DISCOVERY

**September 29, 2016**

WENTWORTH, J.

The Indiana Department of State Revenue has requested that the Court dismiss

SBP Petroleum, Inc.'s case for failing to diligently prosecute the matter. In the alternative, the Department asks the Court to compel SBP Petroleum to respond to its discovery requests. The Court finds that this case should be dismissed.

## FACTS AND PROCEDURAL HISTORY

SBP Petroleum is a gasoline and convenience store merchant. In 2014, the Department issued best information available proposed assessments ("BIA assessments") against SBP Petroleum for the 2010 through 2012 tax years ("years at issue"). The BIA assessments provided that SBP Petroleum owed additional sales tax, interest, and penalties in the total amount of $236,717.88, additional corporate income tax, interest, and penalties in the total amount of $10,267.68, and additional withholding tax, interest, and penalties in the total amount of $21,936.98 for the years at issue. SBP Petroleum protested the BIA assessments. On July 31, 2014, the Department denied all of SBP Petroleum's administrative protests.

On September 27, 2014, SBP Petroleum (through its president) filed three verified petitions for review asserting that the Department used the wrong methodology to determine the purported tax liabilities.[1] On November 20, 2014, after the Department filed its answer, the Court conducted a telephonic case management conference and ordered the parties to file a joint case management plan within 90 days unless the case had settled. On February 26, 2015, the Court approved the parties' timely filed joint case management plan. Just over seven months later, on October 8, 2015, the Department filed an agreed motion to vacate the joint case management plan in which it asked to file a new case management plan ("CMP") within 30 days. On November 16,

---

[1] SBP Petroleum's appeals were subsequently consolidated under the above-captioned cause number.

2

2015, the Court approved the parties' new CMP.

On January 15, 2016, the Department served SBP Petroleum with discovery requests that sought, among other things, the production of "all notes, documents, payroll records, billing records, written correspondences, and copies of e-mails" that supported SBP Petroleum's position within 30 days. (See Resp't Mot. Dismiss or Compel Disc. ("Resp't Mot. Dismiss"), Ex. A at 8.) On March 1, 2016, after the discovery deadline lapsed, SBP Petroleum sent a document to the Department merely stating that: "Petitioner is gathering the documents and will provide as soon as possible." (See Resp't Mot. Dismiss, Ex. B at 2-4.) The Department subsequently agreed to give SBP Petroleum additional time to produce the requested documentation. As a result, SBP Petroleum filed an agreed motion to amend the CMP, which the Court granted.

On June 2, 2016, the Department sent notices of deposition and subpoenas to SBP Petroleum and its president requiring SBP's designated 30(B)(6) witness and its president to appear for depositions with specific documentation on June 16, 2016. When that day arrived, counsel for both SBP Petroleum and the Department attended the depositions, but neither SBP Petroleum's 30(B)(6) witness nor its president appeared.

On June 22, 2016, the Department filed a "Motion to Dismiss or Compel Discovery" ("Motion"). In its Motion, the Department requested that SBP Petroleum's case be dismissed pursuant to Indiana Trial Rule 41(E) because SBP Petroleum had impeded discovery for months and failed to take any action on its claims for more than 80 days. (See Resp't Mot. Dismiss ¶¶ 11-14.) Alternatively, the Department requested

3

that the Court compel SBP Petroleum to respond to its discovery requests by producing the previously requested documentation and ensuring that its witnesses attended their depositions. (See Resp't Mot. Dismiss ¶ 15.)

One day later, on June 23, SBP Petroleum's attorney filed a motion to withdraw because SBP Petroleum had stopped communicating with him as of March 15, 2016, and had refused to participate in the discovery process. On June 30, 2015, the Court denied that motion because it did not comply with Indiana Trial Rule 3.1(H). That same day, SBP Petroleum's attorney filed additional information together with a second motion to withdraw, which the Court granted. The Court also advised SBP Petroleum that it had until August 8, 2016, to obtain new counsel.

On September 7, 2016, the Court ordered that the Department's Motion be set for hearing as required by Indiana Trial Rule 41(E). While the Department appeared at the September 19, 2016, Trial Rule 41(E) hearing, neither SBP Petroleum nor its president appeared. Additional facts will be supplied as necessary.

**LAW AND ANALYSIS**

The authority of the Court to dismiss an action for failure to prosecute is grounded in Indiana Trial Rule 41(E), which provides:

> Whenever there has been a failure to comply with [the Trial R]ules or when no action has been taken in a civil case for a period of sixty [60] days, the [C]ourt, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing [the] case. The [C]ourt shall enter an order of dismissal at [petitioner's] costs if the [petitioner] shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the [petitioner] comply with [the Trial R]ules and diligently prosecute the action and upon such terms that the [C]ourt in its discretion determines to be necessary to assure such diligent prosecution.

4

Ind. Trial Rule 41(E).  Trial Rule 41(E)'s purpose is to ensure that petitioners will diligently pursue their claims by providing respondents and courts with an enforcement mechanism that forces a recalcitrant petitioner to push his case to resolution.  See Lee v. Pugh, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004).  Indeed, the burden of moving a case forward rests with the petitioner and this Court "has no duty to urge or require counsel to go to trial, even where it would be within the [C]ourt's power to do so."  See id. (citation omitted).  Determining whether a Trial Rule 41(E) dismissal is warranted requires the Court to consider the rights of an adverse party, who "'should not be left with a lawsuit hanging over his head indefinitely[,]'" in light of the Court's long-standing policy of deciding cases on their merits.  See id. (citation omitted); see also e.g., Jones v. Jefferson Cnty. Assessor, 6 N.E.3d 1048, 1049 (Ind. Tax Ct. 2014).  The Court also must consider principles of judicial economy as it cannot be expected to carry cases on its docket indefinitely.  See Lee, 811 N.E.2d at 885.

When the Department moved to dismiss on June 22, 2016, this case had been pending on the Court's docket for 634 days.  (See Resp't Mot. Dismiss ¶ 11.)  Moreover, it had been 84 days since SBP Petroleum had taken any action to prosecute its claims.  (Resp't Mot. Dismiss ¶ 12.)  SBP Petroleum (not its former counsel) had already violated Trial Rules 30 and 34 by failing to respond to the Department's discovery requests, particularly, its notices of deposition and request for production of documents.  (See Resp't Mot. Dismiss ¶¶ 2-9, 13, Exs. A-F.)  The subsequent withdrawal of SBP Petroleum's counsel did not compel it to take any action to retain counsel despite being given ample time to do so.  See Order, July 8, 2016; Chronological Case Summary for Cause No. 49T10-1409-TA-00057.  Furthermore, not even the Court's scheduling of

5

the Trial Rule 41(E) hearing to determine whether the case should be dismissed with prejudice spurred SBP Petroleum into action, as neither SBP Petroleum nor its president appeared at the hearing to explain any of the litigation delays. See Order, Sept. 7, 2016. (See also Hr'g Tr.) Consequently, the Court GRANTS the Department's Motion and DISMISSES this case with prejudice.

SO ORDERED this 29th day of September 2016.

_____
Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution: SBP Petroleum, Inc. c/o Kishankumar Patel, president; Evan W. Bartel, Kyle C. Fletcher, Andrew T. Grein, Graham T. Youngs.